IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> PLAINTIFF, <br><br> v. <br><br> $366,562.00 IN FUNDS SEIZED FROM MECHANICS AND FARMERS BANK ACCOUNT NUMBER XXXXXX9508, HELD IN THE NAME OF OVERTON NATIONAL TRANSPORTATION, INC., <br><br> DEFENDANT. | CIVIL ACTION NO.: <br> 1:21-cv-00712-TWT |

## FINAL ORDER OF FORFEITURE BY DEFAULT

This matter is now before the Court on the Plaintiff's Motion for Default Judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and 18 U.S.C. § 983(a)(4)(A). For the reasons stated below, the Court GRANTS the Motion for Default.

The United States filed a verified Complaint for Forfeiture in this action on February 18, 2021, pursuant to 18 U.S.C. § 981(a)(1)(C) and 18 U.S.C. § 981(a)(1)(A) against $366,562.00 in funds seized from Mechanics and Farmers Bank account number XXXXXX9508, held in the name of Overton National

1

Transportation, Inc. (the "Defendant Funds").  The Defendant Funds had been seized on or about August 26, 2020, pursuant to a federal seizure warrant.  This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355, and venue is proper pursuant to 28 U.S.C. §§ 1355, 1391, and 1395.

Rule G(4) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims sets forth a comprehensive set of rules for publishing notice of a forfeiture and for sending direct notice to potential claimants. Rule G(4) states that "[t]he government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)." Fed. R. Civ. P. Supplemental Rule G(4)(b)(i).

In this case, on March 17, 2021, the government sent notice of the forfeiture action and a copy of the Complaint for Forfeiture by certified mail, return receipt requested, and by first class U.S. Mail to Overton National Transportation Inc., Jay Hezekiah Overton-Bay, Jakim Pearson, Rammohan Ranganathan, Montoya Fulton, Edward J. Pearson, John Hollingsworth, Vinod Manchni, and Liller Pearson. [Docs. 6-24].  As required under Supplemental Rule G(4)(b)(ii), the notices expressly stated that the deadline for filing a claim to the Defendant Property was April 21, 2021, i.e., 35 days after the date the notices were mailed, and that it was necessary to file an answer or a motion under Federal Rule of

Civil Procedure 12 no later than 21 days after filing the claim. [Docs. 6-24, at p. 3].

The evidence presented by the government shows that the various parties served received adequate notice of the pending lawsuit. Specifically, the USPS tracking history showed that the notice mailed to Randy S. Chartash, attorney for Overton National Transportation, Inc. and Jakim Pearson, was delivered on March 23, 2021. [Doc. 34-1-Exh. A; Doc. 14]. Additional USPS tracking history shows that the government's notice was also delivered to Jakim Pearson's 1959 Carrington Ct., Stone Mountain, Georgia 30087 address on April 5, 2021. [Doc. 34-1-Exh. B; Doc. 12]. According to additional USPS tracking information, the notice mailed to Jakim Pearson's Litton Drive, Stone Mountain, Georgia address arrived at a post office in Atlanta, Georgia on May 14, 2021. [Doc. 34-1-Exh. C; Doc. 11].

Notice was also sent to the account holder for the seized funds, Liller M. Pearson. That notice was delivered to her 1959 Carrington Court, Stone Mountain, Georgia address on March 19, 2021. [Doc. 34-1-Exh. E; Doc. 23]. Additional notices were mailed to various other individuals who may have been affiliated with Overton National Transportation—the company described in the Complaint which submitted a PPP loan application containing fraudulent misrepresentations. [Doc. 1]. According to the USPS website, these remaining

notices are either still out for delivery or in transit to another USPS facility. [Docs. 6-10, 13, 15, 16, 18-22].

In addition to providing direct notice to all known potential claimants to the Defendant Funds, the United States notified all other potential claimants by posting notice of the forfeiture action for 30 consecutive days at *www.forfeiture.gov*, beginning on March 19, 2021. [Doc. 33].

On April 21, 2021, Jakim Pearson's attorney filed Claimant's Unopposed Motion to Continuance to File Verified Answer on behalf of Overton National Transportation, Inc. and Jakim Pearson, seeking a thirty-day continuance to file a Verified Answer to the government's Complaint for Forfeiture. [Doc. 29]. On April 22, 2021, the Court granted the motion for continuance, allowing extending the time to file a Verified Answer until May 21, 2021. [Doc. 31].

No one, including Overton National Transportation Inc., Jay Hezekiah Overton-Bay, Jakim Pearson, Rammohan Ranganathan, Montoya Fulton, Edward J. Pearson, John Hollingsworth, Vinod Manchni, and Liller Pearson, has filed a verified claim to the Defendant Funds as required by Rule G(5)(a)(ii)(A) and 18 U.S.C. § 983(a)(4)(A), and the time in which to do has expired. Similarly, no one has filed an answer to the Complaint as required by Rule G(5)(b) and 18 U.S.C. § 983(a)(4)(B), and the time in which to do so has expired. By not filing a claim to the Defendant Funds and an answer within the prescribed time limits,

all potential claimants have abandoned any claim they might have had to the Defendant Funds. Based upon the foregoing, the Court finds the following:

1. That the United States furnished due and legal notice of this proceeding as required by law;

2. That Overton National Transportation Inc., Jay Hezekiah Overton-Bay, Jakim Pearson, counsel for Pearson, Rammohan Ranganathan, Montoya Fulton, Edward J. Pearson, John Hollingsworth, Vinod Manchni, and Liller Pearson failed to file a claim and answer within the time limits set by Supplemental Rule G(5) and 18 U.S.C. § 983(a)(4), and they no longer have standing to contest this forfeiture action; and

3. That all other potential claimants to the Defendant Funds are in default because no claims have been filed since the last date of publication on *www.forfeiture.gov*.

Therefore, this Court GRANTS the United States' Motion for Default Judgment against all potential claimants to the Defendant Funds, including Overton National Transportation Inc., Jay Hezekiah Overton-Bay, Jakim Pearson, Rammohan Ranganathan, Montoya Fulton, Edward J. Pearson, John Hollingsworth, Vinod Manchni, and Liller Pearson. The Clerk shall enter a default judgment in favor of the United States and against the Defendant Funds,

more particularly described as $366,562.00 in funds seized from Mechanics and Farmers Bank account number XXXXXX9508, held in the name of Overton National Transportation, Inc. The interest of Overton National Transportation Inc., Jay Hezekiah Overton-Bay, Jakim Pearson, Rammohan Ranganathan, Montoya Fulton, Edward J. Pearson, John Hollingsworth, Vinod Manchni, and Liller Pearson in any of the aforementioned Defendant Funds are hereby extinguished.  All right, title, and interest in the Defendant Funds is forfeited and vested in the United States and shall be disposed of according to law.

SO ORDERED, this ___1st___ day of November, 2021.

_____
THE HONORABLE THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE